STRONG             We know of no law, and no usage has been established,
vs.
COURCELLE.    which, on an agreement of the kind here proved in evidence,

---

## STRONG vs. COURCELLE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The deposition of a witness, who was originally one of the plaintiffs in a
cause, may be received in evidence, when he swears he has no interest in
the event of the suit.

The facts are stated in the opinion of the court, delivered
by MARTIN, J.

This action was brought by Foster & Strong, who stated
themselves partners in trade in the territory of Arkansas, and
owners of a slave which they sent to Banks & Brother, of
New-Orleans, to sell; that the slave came to the possession
of the defendant, who refuses to deliver it.

The defendant pleaded the general issue, and averred title
in himself, under a notarial seal from M'Clure, ratified by
Banks & Brother.

On the suggestion of the plaintiffs that the slave was the property of Strong, alone, they had leave to discontinue the suit as to Foster.

There was a verdict and judgement for the defendant, and the plaintiff appealed.

At the trial the plaintiff offered the deposition of Foster. This was objected to, on the ground that he was interested in the suit, having been originally a plaintiff, and the letter of Foster & Strong, on file, showing the slave was their joint property, the objection was sustained, although the plaintiff showed by a subsequent letter of Foster & Strong, written by Foster, that they had acknowledged that the slave was the property of Strong alone; and Foster, in his deposition, had sworn that he had no interest in the event of the suit. The objection was sustained, and the plaintiff took a bill of exceptions.

The deposition of a witness, who was originally one of the plaintiffs in a cause, may be received in evidence, when he swears he has no interest in the event of the suit.

We think the court erred, as the evidence of ownership resulting from the first letter was destroyed by the second.

On the merits, it appears that Kincaid, who, under a notarial power, transacted the affairs of Banks & Brother, delivered the slave to M'Clure to sell, instructing him when he found a purchaser to inform him (Kincaid) of it, for his determination whether he should be accepted. M'Clure was not authorized by Kincaid to execute a bill of sale. He, however, executed that stated in the answer, received the price of the slave, and eloped. Kincaid afterwards called at the notary's, inquired whether the bill of sale had been given; saw the deed executed by M'Clure, and did not express any dissatisfaction. Stated he was to furnish goods to the owner and be paid out of the proceeds of the sale. He said he had given the negro for sale to M'Clure; but did not express whether as to a broker, or as a principal. M'Clure used to sell slaves in both capacities.

On these facts it appears to us the property of the plaintiff in the slave is sufficiently proved, and the amendment of the petition, by which Foster is allowed to withdraw himself from the suit as a plaintiff, leaves the remaining plaintiff as the sole owner of the slave.

30

EASTERN DIS.
*July*, 1832.

Nothing shows any authority in M'Clure to sell the slave, nor a ratification of the sale.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiff recover the slave named in the petition, with costs in both courts.

*McCaleb*, for appellant.   *De Armas*, for appellee.